IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN MATTHEWS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 08 C 5545 |
| v. ) | |
| ) | Judge Joan H. Lefkow |
| CITY OF CHICAGO, CHICAGO ) | |
| POLICE DEPARTMENT, DEPUTY ) | |
| SUPERINTENDENT CHARLES ) | |
| WILLIAMS, AND SUPERINTENDENT ) | |
| PHILLIP CLINE, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff John Matthews brought this action against the City of Chicago, the Chicago Police Department, Deputy Superintendent Charles Williams, and Superintendent Phillip Cline (collectively, "defendants") for violation of Matthews's due process rights under the Fourteenth Amendment to the United States Constitution. Before the court is the City's motion to dismiss the case under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. For the following reasons, the motion [#16] will be granted.

## LEGAL STANDARD

A defendant may bring a motion under Rule 12(b)(6) to dismiss a complaint for failure to state a claim on which relief may be granted. *EEOC* v. *Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). On such a motion, the court must accept as true all well-pleaded allegations of the complaint and draw all reasonable inferences in favor of the non-movant. *Levenstein* v. *Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998). In order to survive a Rule 12(b)(6)

motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft* v. *Iqbal*, — U.S. —, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic* v. *Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

## FACTUAL BACKGROUND

In his complaint, plaintiff alleges the following facts. Matthews is employed by the Chicago Police Department as a police officer. On or about August 14, 2006, Matthews's son was arrested and, despite being injured, was not promptly offered medical attention for his injuries. Following his son's arrest, Matthews filed a complaint in an effort to initiate an investigation of the arresting officers. Subsequent to Matthews's filing that complaint, a disciplinary complaint was filed against Matthews, and he was demoted from the rank of commander to that of lieutenant. Matthews did not receive a hearing or an opportunity to respond to the complaint prior to his demotion, nor was he provided access to any documents or records that might assist him in assessing the nature or extent of the charges against him.

## DISCUSSION

Matthews contends that defendants deprived him of his due process rights under the Fourteenth Amendment by demoting him without a hearing. The Due Process Clause prohibits any state from "depriv[ing] any person of life, liberty, or property, without due process of law." U.S. Const. Amend. XIV, § 1. The United States Supreme Court has prescribed a two-step process for analyzing a due process claim: "The first area of inquiry deals with whether there exists a 'life, liberty, or property' interest protected under the fourteenth amendment with which the state has interfered. If the court concludes that the state has deprived an individual of a

protected interest, the court then moves to the second step of the inquiry to determine whether the entity responsible for the alleged deprivation instituted constitutionally sufficient procedural protections." *Colon* v. *Schneider*, 899 F.2d 660, 666 (7th Cir. 1990) (citing *Kentucky Dep't of Corr.* v. *Thompson*, 490 U.S. 454, 109 S. Ct. 1904, 1908, 104 L. Ed. 2d 506 (1989)).

The City argues that Matthews had no property interest in the rank of commander that would be protected under the Due Process Clause of the Fourteenth Amendment. The Seventh Circuit has made clear that "[i]n any due process case where the deprivation of property is alleged, 'the threshold question is whether a property interest actually exists.'" *Buttitta* v. *City of Chicago*, 9 F.3d 1198, 1201 (7th Cir. 1993) (citing *Buttitta* v. *City of Chicago*, 803 F. Supp. 213, 218 (N.D. Ill. 1992)). As plaintiff recites in his response to the City's motion to dismiss, "[p]roperty interests are not created by the Constitution, 'they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law . . . .'" *Cleveland Bd. of Educ.* v. *Loudermill*, 470 U.S. 532, 538, 105 S. Ct. 1487, 84 L. Ed. 2d 494 (1985), *cited in* Pl.'s Resp. at 9.

It is not without precedent that a demotion in rank could rise to the level of deprivation of property, but courts recognizing such deprivations have found that they arose from employment contracts, state statutes, or municipal ordinances. *See, e.g.*, *Sowers* v. *City of Ft. Wayne*, 737 F.2d 622, 624 (7th Cir. 1984) (finding that certain local ordinances and provisions of the Indiana Code created a property right in a particular rank for the plaintiff firefighters); *Biddle* v. *City of Ft. Wayne*, 591 F. Supp. 72, 82 (N.D. Ind. 1984) (holding that plaintiff had "a legitimate entitlement to his permanent rank under [Indiana Code] 36-8-3-4 such that he may not be demoted unless the terms and methods prescribed in I.C. 36-8-3-4 are met or unless the terms of

the economic exception are met"). However, in the absence of an applicable employment contract, state law, or local ordinance, the Seventh Circuit has indicated that a person's interest in a certain rank is not a protected property right. *See Altman* v. *Hurst*, 734 F.2d 1240, 1242 (7th Cir. 1984) (finding that plaintiff police officer was not denied due process by not being granted a hearing prior to his constructive demotion).

In *Altman* v. *Hurst*, the plaintiff cited 24 Ill. Rev. Stat. ¶ 10-2.1-17 (now codified as 65 Ill. Comp. Stat. 5/10-2.1-17) for the proposition that Illinois state law requires a hearing before any disciplinary punishment is imposed on a police officer by his employer. The Seventh Circuit found, however, that "[t]hat provision . . . applies only to the removal, discharge, or suspension of a police officer. *It does not require a pre-deprivation hearing prior to the imposition of* departmental disciplinary sanctions or *even a demotion*." *Id.* (emphasis added). Here, Matthews has not even suggested that an Illinois statute exists under which a Chicago police officer might demand a hearing prior to demotion.

Indeed, Matthews has failed to cite any applicable Illinois law or any other relevant authority in support of his assertion that a police officer such as himself has a property interest in a particular rank within the police department. That Matthews was not granted a disciplinary hearing may be troubling, but his demotion does not rise to the level of a constitutional deprivation of due process where it did not deprive him of a federally-protected property

interest.[1]  Matthews has thus failed to state a claim for denial of his due process rights under the Fourteenth Amendment.[2]

## CONCLUSION

For the foregoing reasons, the City's motion to dismiss [#16] is granted.[3]  This case is terminated.

Dated:  July 6, 2009                                    Enter: _____
                                                                        JOAN HUMPHREY LEFKOW
                                                                        United States District Judge

---

[1]  As the Seventh Circuit explained in a similar context in *Bigby* v. *City of Chicago*, 766 F.2d 1053 (7th Cir. 1985),

> To be a policeman is to follow a particular calling, and to be excluded from that calling is an infringement of liberty of occupation.  But a particular rank in the police force is not an occupation, just as the army is not a series of separate occupations . . . and just as the private practice of law is not composed of two occupations—partner and associate. . . . But ranks within an occupation . . . are not 'occupations' themselves; and while preventing someone from advancing in his occupation can be a cruel deprivation, it would stretch the idea of liberty of occupation awfully far, it seems to us, to treat a bar to promotion as a deprivation of that liberty.

*Id.* at 1057.

[2]  Because plaintiff has failed to state a claim by failing to show that his demotion deprived him of a federally-protected property interest, the court need not address the additional arguments raised by the City in support of its motion to dismiss.

[3]  Although the only legal basis for his claims that plaintiff mentions in his complaint is the Fourteenth Amendment to the United States Constitution, in his response to the City's motion to dismiss he states, "The right to participate in these procedures is guaranteed by *police department procedures, as well as local and state statutes*, and the U.S. Constitution." Pl.'s Resp. at 6 (emphasis added).  To the extent that plaintiff may have intended to assert any claims under Illinois law, however, he has failed to articulate a sound legal basis for such claims.